**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PATRICK HANNAN, DAWN LEMIEUX, NICOLE GROOMES, and PEGGY HORN on behalf of themselves and others similarly situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No. _____ |
| THE HARTFORD FINANCIAL SERVICES, INC., FAMILY DOLLAR STORES, INC., FAMILY DOLLAR STORES INC. GROUP INSURANCE PLAN & PLAN ADMINISTRATORS, | ) ) ) ) ) ) | **COMPLAINT** |
| *Defendants*. | ) ) ) | |

**NATURE OF THE ACTION**

**I.    INTRODUCTION**

1.      This is an action for equitable relief and damages under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., in which Patrick Hannan, Dawn Lemieux, Nicole Groomes, and Peggy Horn (together "Plaintiffs") seek to recover for themselves and all other similarly situated plan participants ("the Class") overcharges they and the Class were assessed as premiums to obtain life insurance coverage from Defendant The Hartford Financial Services, Inc. ("Hartford") under the group life insurance plan of sponsor Defendant Family Dollar Stores, Inc. ("Family Dollar").

2.      Hartford and Family Dollar engaged in a cross-subsidization scheme to overcharge Plaintiffs and the Class premiums for supplemental life insurance that were higher than called for by the underwriting and actuarial pricing experience, in order to lower the price that Family Dollar paid for "non-contributory" basic group life insurance coverage.

3.      Hartford benefitted from this clandestine scheme through the award of a contract to underwrite Family Dollar's group life insurance policy, and share in the overcharges to Plaintiffs and Class members.  Family Dollar benefitted by having Plaintiffs and Class members, all of whom purchased supplemental life insurance, subsidize the basic life insurance that Family Dollar claimed was "non-contributory," that is entirely paid by Family Dollar for the benefit of its employees.  The losers were Plaintiffs and Class members, who purportedly were purchasing supplemental life insurance at favorable group rates but who, in actuality and unknowingly were paying a portion of the cost of the basic life insurance that Family Dollar was obligated to pay under the Plan – thereby benefitting Family Dollar, Hartford, and other Family Dollar employees who did not purchase supplemental life insurance coverage.

4.      Hartford and Family Dollar were able to implement and maintain their cross-subsidization scheme by misrepresenting that the employer was paying for the entirety of the basic group life insurance and by not disclosing the inflated charges built into the supplemental life insurance policies in order to subsidize the basic life insurance.

5.      This cross-subsidization scheme and the misrepresentations made to Plaintiffs and the Class further violated ERISA's prohibited transaction rules, ERISA §§ 404 and 406(a) and (b), 29 U.S.C. §§ 1104 and 1106(a) and (b), and ERISA's fiduciary rules, ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D).  Plaintiffs bring this action on their own behalf and on behalf of all those similarly situated under ERISA §§ 409(a) and 502(a)(2), (a)(3) and (g), 29 U.S.C. §§ 1109(a) and 1132 (a)(2), (a)(3) and (g) to recover the following relief:

a.      A declaratory judgment holding that Defendants' cross-subsidization scheme violates ERISA and applicable law;

b.  Disgorgement, restitution and/or surcharge of the kickbacks received by Hartford and Family Dollar or the profits on the group life insurance realized by Defendants;

c.  Attorneys' fees, costs and other recoverable expenses of litigation; and

d.  Such other additional legal or equitable relief that the Court deems appropriate and just under all of the circumstances.

## II.   JURISDICTION AND VENUE

6.   Plaintiffs seek relief on behalf of themselves and other similarly situated plan participants and their beneficiaries, pursuant to ERISA's civil enforcement remedies with respect to fiduciaries and other interested parties and, specifically, under ERISA §§ 409 and 502, 29 U.S.C. §§ 1109 and 1132. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1)(2), 29 U.S.C. § 1132(e)(1)(2).

7.   Venue is proper in this judicial district under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) and under 28 U.S.C. § 1392, because Hartford resides in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred and/or arose in this judicial district and a substantial part of the challenged conduct occurred in and/or emanated from this judicial district.  In addition, all of the Defendants reside or regularly transact business in this judicial district.

## III.   THE PARTIES

8.   Plaintiff Patrick Hannan was a participant in Defendant Family Dollar's Group Life Insurance Plan, an ERISA welfare benefit plan, from 2000 or 2001 until June 2012. During that same time period Mr. Hannan obtained coverage under both basic group life insurance and supplemental group life insurance through the Plan. Mr. Hannan has been damaged through

3

overcharges for the supplemental group life insurance coverage. Mr. Hannan resides at 508 Esty Street, Elmira, New York 14904.

9.      Plaintiff Dawn Lemieux was a participant in Defendant Family Dollar's Group Life Insurance Plan, an ERISA welfare benefit plan, from 2006 until 2013. During that same time period Ms. Lemieux obtained coverage under both basic group life insurance and supplemental group life insurance through the Plan. Ms. Lemieux has been damaged through overcharges for the supplemental group life insurance coverage. Ms. Lemieux resides at 916 Vinecliff Street, Waterport, New York 14571.

10.     Plaintiff Nicole Groomes was a participant in Defendant Family Dollar's Group Life Insurance Plan, an ERISA welfare benefit plan, from at least 2006 through at least 2009. During that same time period Ms. Groomes obtained coverage under both basic group life insurance and supplemental group life insurance through the Plan. Ms. Groomes has been damaged through overcharges for the supplemental group life insurance coverage. Ms. Groomes resides at 5 Remington Park, Apt. E3, Ilion, New York 13357.

11.     Plaintiff Peggy Horn was a participant in Defendant Family Dollar's Group Life Insurance Plan, an ERISA welfare benefit plan, from 2005 through 2012. During that same time period Ms. Horn obtained coverage under both basic group life insurance and supplemental group life insurance through the Plan. Ms. Horn has been damaged through overcharges for the supplemental group life insurance coverage. Ms. Horn resides at 37974 Route 152, Dunlow, West Virginia 25511.

12.     Defendant Hartford is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at One Hartford Plaza, Hartford, Connecticut 06105. Hartford is a fiduciary of the Plan within the meaning of ERISA § 3(21)(A),

4

29 U.S.C. § 1002(21)(A). Hartford does business in most states in the United States of America, including the state of Connecticut and this judicial district.

13.     Defendant Family Dollar is a corporation organized under the laws of the State of Delaware, and maintains its principal place of business at 10401 Monroe Road, Matthews, North Carolina 28105.  Family Dollar is a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).  Family Dollar transacts business in most states in the United States of America, including the state of Connecticut and this judicial district.

14.     The Defendant Plan is a group life insurance welfare benefit plan named Family Dollar Stores Inc. Group Insurance Plan.

15.     The Defendant Family Dollar Plan Administrators, John Doe, etc. ("Administrators"), are fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

## IV.     FACTS BEARING ON FIDUCIARY BREACH

16.     At all times relevant to this action, Hartford has issued group life insurance policies to plan sponsor Family Dollar and the plan is administered by the Administrators.

17.     The Plan provides basic group life insurance coverage for which all employees may enroll. The basic group life insurance was represented as "non-contributory coverage," where non-contributory coverage meant coverage for which the employee was not required to contribute toward the cost.  Therefore, the employer, Family Dollar, was to pay 100% of the "non-contributory" basic group life insurance coverage for employees.  Family Dollar's Open Enrollment Guide states that "All full-time Team Members are automatically enrolled in a basic life insurance plan at **no cost to the Team Member**."  The Guide further states "Family Dollar has made every attempt to ensure the information in this guide is accurate."

18.     The Plan also provides supplemental group life insurance for which employees may enroll.  The supplemental group life insurance was also represented as "contributory," where contributory coverage meant coverage for which the employee was required to contribute toward the cost.  Therefore, the employee participant was to pay 100% of "contributory" supplemental group life insurance.

19.     The Plaintiffs and Class have acquired coverage under both the basic and supplemental group life insurance under the Plan.

20.     The claims of the Plaintiffs and Class arise because of a cross-subsidization scheme by Defendants: Defendants Hartford and Family Dollar, who are fiduciaries to the Plan, overcharged the supplemental group life premiums in order to cut the cost to Family Dollar of providing the basic group life insurance to all employees participating in the Plan, which thereby allowed Hartford to share in the overcharges to Plaintiffs and Class members.

21.     Because of the overcharge, the Plaintiffs and Class do more than "contribute" to the supplemental group life insurance – they actually end up paying more for that coverage than is justified based on underwriting and actuarial pricing experience and, in actuality and effect, subsidizing the basic group life insurance.

22.     The premium payments of the Plaintiffs and Class were assets of the Plan.  These assets were used – in violation of ERISA – by or for the benefit of Family Dollar.  Family Dollar dealt with the assets of the plan in its own interest or for its own account and received consideration for its own account from Hartford and/or the Administrators in connection with transactions involving the assets of the plan.

6

23.     In charging some members of the Plan "contributions" for the "non-contributory" plan, the Defendants did not allocate costs of the group life insurance plan fairly, breaching their duty as fiduciaries to be fair to all participants.

24.     By adopting the cross-subsidization scheme, Defendants, who are fiduciaries of the Plan, have failed to act solely in the interest of the participants and beneficiaries of the Plan. Defendants have also failed to exercise the required skill, care, prudence, and diligence in administering the Plan.

25.     Under Defendants' cross-subsidization scheme, the more participants that were steered to purchase supplemental group life coverage, the larger the premiums and the greater the potential kickback to Family Dollar and Hartford.  Hartford was the sole option offered by Family Dollar for supplemental group life coverage for employees under the Plan.  Defendants' cross-subsidization scheme constituted self-dealing by Family Dollar and Hartford.

26.     Hartford had an incentive to suggest supplemental life insurance premiums greater than the actuarial rating required because such overcharges would benefit Family Dollar, causing it to give its entire group life insurance business to Hartford and under the scheme allow it to share in the kickback overcharges.

27.     As stated above, Defendants' representations in plan-related documents are materially misleading by indicating that Family Dollar pays the entire cost for the basic group life insurance.

28.     In addition to the Defendant Plan, Plan Administrators and Family Dollar materially misrepresenting and omitting the cross-subsidization scheme in the plan-related documents, they also violated the disclosure provisions of ERISA which, under ERISA § 102(b), 29 U.S.C. § 1022(b), require "the source of financing of the plan" to be disclosed.  Here, the

7

Defendant Plan Administrators and Family Dollar did not disclose the fact that Plaintiffs and the Class were paying a substantial portion of the cost of the "non-contributory" basic group life insurance for all participants and thus lowering the cost of Family Dollar's basic group life insurance expenses.

29.     Had Plaintiffs and the Class known they were being overcharged to benefit Family Dollar and Hartford, they would have had concerns about whether the supplemental group life insurance was a prudent investment. The scheme materially misled and caused Plaintiffs and the Class unknowingly to purchase the supplemental group life insurance that was paying a portion of the cost of the basic group life insurance.

## V.     CLASS ACTION ALLEGATIONS

30.     **Class Definition.** Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of Plaintiffs and the following class of persons similarly situated (the "Class"):

> **Class:** All individuals who were at any time between March 1, 2009 and the time
> in 2014 when Hartford no longer provided the life insurance coverage
> (1) participants in Family Dollar's Group Life Insurance Plan and who, in
> addition to being covered under the Basic Group Life Insurance policy of the
> Plan, purchased additional Supplemental Group Life Insurance under the Plan
> from Defendants; and/or (2) beneficiaries of such participants.
>
> Excluded from the Class are Defendants and their affiliates; the officers
> and directors of any Defendant or of any entity in which a Defendant has a
> controlling interest; or others who are or may be liable for the conduct alleged

herein; and legal representatives, successors, and assigns of any such excluded persons.

31.     This action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32.     **Numerosity.** The members of the proposed Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time, such information can be ascertained from records maintained by Defendants and their agents.  In 2010, Family Dollar's Group Life Insurance Plan had over 15,000 participants according to the June 15, 2011 Amended Form 5500 filed with the U.S. Department of Labor by Family Dollar.  Plaintiffs estimate that the putative Class encompasses more than 5,000 of Family Dollar's current and former employees scattered over the United States.

33.     **Commonality.** The claims of Plaintiffs and the proposed Class have a common origin and share a common basis. All Class members suffered from the same misconduct complained of herein, and they all suffered injury as a result of the breaches of duties and violations of ERISA that form the basis of this lawsuit and that are supported by common proof. Common questions of law and fact exist as to all members of the putative Class, including, but not limited to the following:

a.     whether Defendants acted and continue to act as fiduciaries under ERISA in connection with the conduct described herein;

b.     whether Defendants breached their fiduciary duties to Plaintiffs under ERISA by failing to act prudently and solely in the interest of the Plan's participants and beneficiaries;

      c.        whether Defendants failed to provide complete and accurate information to Plan participants regarding the premiums they were assessed for the supplemental group life insurance and the kickback from those premiums to cover a portion of Family Dollar's cost of basic group life insurance to all employees and secure the life insurance contract for Hartford;

      d.        whether Defendants Family Dollar and Hartford knowingly participated in breaches of fiduciary duties under ERISA;

      e.        whether Defendants engaged in prohibited transactions in violation of ERISA by using plan assets for the benefit of and to pay consideration to Family Dollar; and

      f.        whether, and what form of relief, should be afforded to Plaintiffs and the Class.

34.    There are no substantial individual questions among the class claims on the merits of this action, and Plaintiffs are not aware of any conflicts between themselves and the putative Class members.

35.    **Typicality.** Plaintiffs' claims are typical of the claims of the members of the Class, as Plaintiffs and all other members of the Class were harmed by Defendants' wrongful conduct.  Defendants' conduct giving rise to the claims is identical as to all members of the Class and the losses Plaintiffs have suffered uniformly are caused by Defendants' Class-wide breaches of fiduciary duty and prohibited transactions.

36.    **Adequacy.**  Plaintiffs and the other Class members are aggrieved by Defendants' breaches of fiduciary duties and prohibited transactions, and Plaintiffs are intent on seeing such wrongs remedied.  Plaintiff are therefore committed to fairly, adequately, and vigorously

representing and protecting the interests of the members of the Class, and have retained counsel competent and experienced in class action litigation of this nature for this purpose.  Neither Plaintiffs nor their counsel have any interests that might cause them to refrain from vigorously pursuing the claims in this class action.  Thus, Plaintiffs are adequate representatives of the Class.

37.    **Predominance.** Common questions of law and fact predominate over questions affecting only individual Class members, and the Court, as well as the parties, will spend the vast majority of their time working to resolve these common issues. Indeed, virtually the only individual issue of significance will be the exact amount of losses recovered by each Class member, the calculation of which will ultimately be a ministerial function that does not bar certification.

38.    **Superiority.**  A class action is superior to all other feasible alternatives for the resolution of this matter. The vast majority of the Class is unaware of Defendants' breaches of fiduciary duty and prohibited transactions such that they will never bring suit individually. Furthermore, even if they were aware of the claims they have against Defendants, the claims of many Class members would be too small to economically justify individual litigation. Finally, individual litigation of multiple cases would be highly inefficient, a gross waste of the resources of the courts and of the parties, and potentially could lead to inconsistent results that would be contrary to the interests of justice.

39.    **Manageability.**  This case is well suited for treatment as a class action and easily can be managed as a class action since evidence of both liability and damages or other remedies can be adduced, and proof of liability and damages or other remedies can be presented, on a

Class-wide basis while the allocation and distribution of monetary relief to Class members would be essentially a ministerial function.

40.  **23(b)(1).**  Class certification is warranted under Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants.  Moreover, adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

41.  **23(b)(3).** Class certification of Plaintiffs' Claims for Relief also is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to members of the Class predominate over any questions (if any) affecting only individual Class members. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. On information and belief, Defendants possess the names and addresses of the Class members, and adequate notice can be provided to them to the extent required by Fed. R. Civ. P. 23.

## VI.  CLAIMS FOR RELIEF

### COUNT I

### (Breach of Fiduciary Duty Under ERISA §§ 502(a)(2) and (a)(3),
### 29 U.S.C. §§ 1132(a)(2) and (a)(3) Against the Family Dollar Defendants)

42.  Plaintiffs incorporate herein the allegations set forth above.

43.  Family Dollar and the Administrators ("Family Dollar Defendants") are fiduciaries of the Plan with authority and responsibility with respect to the administration of the Plan.

44.  The Family Dollar Defendants controlled the selection of the underwriter for the Plan and participants.

45.     The Family Dollar Defendants breached their duties of loyalty and prudence under ERISA § 404(a), 29 U.S.C. § 1104(a). These breaches include but are not limited to the following:

a)  entering into a cross-subsidization scheme with Defendant Hartford so as to overcharge Plaintiffs and the Class premiums for their supplemental group life insurance coverage in order to apply those overpayments to reduce the cost of Family Dollar's basic group life insurance coverage – basic coverage that was to be paid for solely by Family Dollar and not by any plan participants;

b)  failing to provide information to participants that participants who purchased supplemental group life insurance coverage under the Family Dollar Plan were being charged excessive premiums higher than Defendant Hartford considered necessary, so as to provide a kickback to Family Dollar to lower the amount it paid for basic group life insurance for all participants;

c)  failing to provide information to participants that supplemental group life insurance participants were subsidizing the basic group life insurance, while participants who only participated in basic coverage were not;

d)  providing false information to participants via the plan-related documents that basic group life insurance was "non-contributory" at the sole expense of Family Dollar, when in fact it was "contributory" through the overcharges paid by Plaintiffs and the Class that were kicked back to their employer;

e)  failing to monitor marketing material that Defendant Hartford provided to Plan participants that was materially misleading because it did not disclose the cross-subsidization scheme, but instead portrayed the purchase of supplemental group

life insurance under the Plan as surprisingly affordable and without high cost

because it was sponsored by the employer at reduced group rates; and

 f)  in overcharging Plaintiffs and the Class in order to subsidize the employer's basic

group life insurance costs (while those participants who opted only for basic

group life insurance made no contributions), the cross-subsidization scheme

violated the Family Dollar Defendants' duty to allocate costs fairly among

participants and treat all participants fairly.

46.  The Family Dollar Defendants' misrepresentations and omissions were material

to the ability of Plaintiffs and the Class to exercise informed decisions about whether to purchase

supplemental group life insurance under the Plan.

47.  The Family Dollar Defendants' misrepresentations and omissions were Plan-wide

and uniform because Defendants failed to provide complete and accurate information to any of

the Plan's participants about the cross-subsidization scheme.

48.  As a direct and proximate result of the breaches of fiduciary duties alleged herein,

the Plaintiffs and the Class suffered injury, including substantial monetary losses from

overcharges for their supplemental group life coverage.

49.  Pursuant to ERISA §§ 409 and 502(a)(2) and (a)(3), 29 U.S.C. §§ 1109(a) & 1132

(a)(2) & (a)(3), the Family Dollar Defendants are liable for restitution, disgorgement, surcharge

or other equitable remedies for the losses to the Plaintiffs and Class or the profits they realized as

a result of their breaches of fiduciary duties alleged in this Count.

### COUNT II

**(Breach of Fiduciary Duty Under ERISA §§ 502(a)(2) and (a)(3),
29 U.S.C. §§ 1132(a)(2) and (a)(3) Against Defendant Hartford)**

50.  Plaintiffs incorporate herein the allegations set forth above.

51.     Defendant Hartford is a fiduciary with respect to the Family Dollar Stores Inc. Group Insurance Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), in that Hartford exercised discretionary authority or control respecting the management or disposition of assets of the Plan. Here, Hartford entered into a secret scheme with the Family Dollar Defendants to set the premium rate for the supplemental group life insurance higher than called for by its underwriting and actuarial experience.  In fact, the rates were set in order to cross-subsidize Family Dollar's "non-contributory" basic group life insurance obligation, to result in Hartford securing the underwriting business for itself, and to share in the overcharges.  Hartford exercised control over assets of the Plan, i.e. the Plaintiffs and Class payroll deductions for supplemental group coverage, in that Hartford negotiated with Family Dollar how much of these Plan assets it would kick back to the employer, how much of the plan assets it would receive.  Hartford entered into this scheme in order to secure its contract to underwrite the Family Dollar Stores Inc. Group Insurance Plan.

52.     Hartford breached its duty of loyalty and prudence under ERISA § 404(a), 29 U.S.C. § 1104(a). These breaches include but are not limited to the following:

> a) entering into a cross-subsidization scheme with the Family Dollar Defendants so as to overcharge Plaintiffs and the Class premiums for their supplemental group life insurance coverage in order to apply those overpayments to reduce the cost of Family Dollar's basic group life insurance coverage – basic coverage that was to be paid for solely by Family Dollar and not by any plan participants – and to profit Hartford;

b) entering into a cross-subsidization scheme with the Family Dollar Defendants so as to overcharge Plaintiffs and the Class premiums for their supplemental group life insurance coverage in order to share in the overcharges with Family Dollar;

c) failing to provide information to participants that participants who purchased supplemental group life insurance coverage under the Family Dollar Plan were being charged excessive premiums so as to provide a kickback to Family Dollar to lower the amount it paid for basic group life insurance for all participants;

d) failing to provide information to participants that supplemental group life insurance participants were subsidizing the basic group life insurance, while participants who only participated in basic coverage did not;

e) providing false information to participants via the plan-related documents, which Hartford drafted for the Family Dollar Defendants, that the basic group life insurance was "non-contributory" at the sole expense of Family Dollar, when in fact it was "contributory" through the overcharges that under the scheme were to be kicked back to Family Dollar and Hartford;

f) providing false information in its own marketing materials that it provided to Plan participants that the purchase of supplemental group life insurance under the Plan was surprisingly affordable and without high cost because the insurance was sponsored by Family Dollar at reduced group rates; and

g) in overcharging Plaintiffs and the Class in order to subsidize the employer's basic group life insurance costs (while those participants who opted only for basic group life insurance made no contributions), the cross-subsidization scheme

violated Hartford's duty to allocate costs fairly among participants and treat all

participants fairly and not seek kickbacks under the scheme.

53.     Hartford's misrepresentations and omissions were material to the ability of

Plaintiffs and the Class to exercise informed decisions about whether to purchase supplemental

group life insurance under the Plan.

54.     Hartford's misrepresentations and omissions were Plan-wide and uniform because

Defendants failed to provide complete and accurate information to any of the Plan's participants

about the cross-subsidization scheme.

55.     As a direct and proximate result of the breaches of fiduciary duty allege herein,

Plaintiffs and the Class have been damaged through the overpayment of significant amounts

deducted from their paychecks for life insurance coverage.

56.     Pursuant to ERISA § 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2)and (a)(3), and

ERISA § 409(a), 29 U.S.C. §1109(a), Defendant Hartford is liable for restitution, disgorgement,

surcharge or other equitable remedies for the losses to the Plaintiffs and Class or the profits it

realized as a result of the breaches of fiduciary duties alleged in this Count.

## COUNT III

### (Co-Fiduciary Liability Against All Defendants)

57.     Plaintiffs incorporate herein the allegations set forth above.

58.     Each Defendant knew of the breaches by the other fiduciaries and made no

efforts, much less reasonable ones, to remedy those breaches.

59.     In particular, Defendants together engaged in a scheme to kick back to Defendant

Family Dollar and Hartford the supplemental group life insurance premium overcharges to

Plaintiffs and the Class, thereby lowering the company's basic group life insurance cost and

benefiting Hartford by allowing it to share in the kickback and profit from the Plan's group life insurance business.  None of the Defendants undertook any efforts—let alone reasonable ones—to remedy the other's imprudent conduct.  Each Defendant knew about but failed to curtail the breaches of the other Defendants.

60.     The Family Dollar Defendants knowingly participated in and undertook to conceal breaches of fiduciary duty with respect to the overcharging and cross-subsidization scheme and agreed with Defendant Hartford to conceal it from Plaintiffs and the Class.

61.     Similarly, Defendant Hartford knowingly participated in and knowingly undertook to conceal Family Dollar Defendants' breaches of fiduciary duty with respect to the overcharging and cross-subsidization scheme and agreed with them to conceal it from Plaintiffs and the Class.

62.     The Administrators enabled Family Dollar's and Hartford's breaches by failing to prudently monitor the performance of Family Dollar and Hartford and to ensure that they were faithfully discharging their fiduciary duties with respect to the management and administration of Plan assets. Moreover, had any of the Defendants faithfully discharged their duty to manage and administer the Plan prudently and provide complete and accurate information to Plan participants regarding the overcharging and cross-subsidization scheme, participants could have protected themselves from the overcharges they paid.

63.     In addition, Family Dollar enabled the Administrators' and Hartford's breaches, and Hartford enabled the Family Dollar Defendants' breaches, by failing to prudently monitor their performance and to ensure that they were faithfully discharging their fiduciary duties with respect to the management and administration of Plan assets.

64.     As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plaintiffs and the Class have been damaged through the overpayment of significant amounts deducted from their paychecks for life insurance coverage.

65.     Pursuant to ERISA §§ 409 and 502(a)(2) and (a)(3), 29 U.S.C. §§ 1109(a) & 1132 (a)(2) & (a)(3), Defendants are liable for restitution, disgorgement, surcharge or other equitable remedies for the losses to the Plaintiffs and Class or the profits they realized as a result of the breaches of fiduciary duties alleged in this Count.

<u>COUNT IV</u>

**(Knowing Participation in a Breach of Fiduciary Duty**
**(Pled in the Alternative Against Defendant Hartford))**

66.     Plaintiffs incorporate herein the allegations set forth above.

67.     To the extent that Defendant Hartford is not deemed to have been a fiduciary or co-fiduciary under ERISA, it is liable to Plaintiffs and the Class for all recoverable damage and relief as a non-fiduciary that knowingly participated in a breach of trust.

68.     Defendant Hartford knowingly participated in the breaches of the Family Dollar Defendants who were fiduciaries and acted in a fiduciary capacity. Hartford fully understood the duties that fiduciaries have under ERISA.

69.     Despite its understanding of the duties of a fiduciary under ERISA, Hartford induced, encouraged and caused the Family Dollar Defendants to imprudently engage in the overcharging and cross-subsidization scheme to secure its selection as the underwriter for the Family Dollar Stores Inc. Group Insurance Plan and to share in those overcharges. Specifically, Hartford inflated the premium rates for the supplemental life insurance to support reduced basic life insurance rates for Family Dollar to induce Family Dollar to select Hartford as the insurance provider. Hartford not only caused Family Dollar to act in Hartford's best interest rather than the

19

best interest of the Plan participants but also charged Plaintiffs and the Class unreasonably high rates, outside the underwriting and actuarial pricing experience to partake in the receipt of kickbacks.

70.     Hartford also was the party in interest that was furnishing services to the Plan and receiving assets of the Plan through the fees Hartford charged for underwriting the Plan, and through sharing in the premium overcharges to Plan participants. As such, Hartford knew that Family Dollar was breaching its fiduciary duties by engaging in transactions prohibited by ERISA §§ 406(a)(1)(C) and 406(a)(1)(D) and participated in the breach by engaging in the prohibited transactions alongside Family Dollar.

71.     Hartford profited from its knowing participation in the Family Dollar Defendants' fiduciary breaches, extracting the profits associated with being the provider of services under the Plan.  Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Plaintiffs and Class are entitled to equitable restitution from Hartford with respect to all profits that it realized, or at least for any excessive compensation that it received, as well as other equitable relief.

## COUNT V

**(Engaging in Prohibited Transactions Forbidden by ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106 (a)-(b), Against All Defendants)**

72.     Plaintiffs incorporate herein the allegations set forth above.

73.     Family Dollar has engaged in prohibited transactions in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1) by dealing with the assets of the Plan (the contributions of the Plaintiffs and Class for supplemental life insurance) in its own interest or for its own account (to lower its non-contributory cost for basic group life insurance).

74.     Hartford knowingly participated in the prohibited transactions alleged herein.

20

75.     Hartford profited in an amount to be proven at trial from the prohibited transactions by securing the contract to underwrite the Family Dollar Stores Inc. Group Insurance Plan through participating in the scheme under which they were to receive kickbacks from setting premium rates for supplemental group life insurance in order to subsidize the basic group life insurance coverage, thereby lowering the employer's contribution to the Plan and to share in the premium overcharges to plan participants with Family Dollar.  Hartford would not have been able to sell supplemental group life insurance to Plaintiffs and the Class and have an opportunity to share in the kickbacks but for the secret, prohibited transaction scheme.

76.     The Administrators knowingly participated in the prohibited transactions alleged herein.

77.      The Administrators enabled Family Dollar's and Hartford's breaches by failing to prudently monitor the performance of Family Dollar and Hartford and to ensure that they were not engaging or participating in prohibited transactions.

78.     Defendants engaged in prohibited transactions in violation of ERISA § 406(a)(1)(D) because the scheme involved a direct or indirect use of plan assets for the benefit of the Family Dollar Defendants and Hartford.

79.     Each Defendant caused losses to Plaintiffs and the Class through the prohibited transactions in an amount to be proven at trial.

80.     Each Defendant also has participated knowingly in, or has knowingly undertaken to conceal, the prohibited transactions in which other fiduciaries have engaged, knowing such action is a breach.  This knowing participation has enabled such other fiduciary to commit a breach of fiduciary duty by engaging in a prohibited transaction.  In addition, each Defendant has

21

had knowledge of other fiduciaries engaging in prohibited transactions, without making

reasonable efforts to remedy the breach.

## COUNT VI

### (Federal Common Law Unjust Enrichment under ERISA, Against the Family Dollar Defendants)

81.     Plaintiffs incorporate herein the allegations set forth above.

82.     Family Dollar knowingly and intentionally steered Plaintiffs and the Class into

buying supplemental group life insurance which unbeknownst to them was priced above

actuarially justified rates in order to benefit the company by lowering its cost for basic group life

insurance, which was supposed to be "noncontributory" meaning solely paid for by Family

Dollar.

83.      Family Dollar thereby received something of value, to which the company was

not reasonably entitled and that in good conscience should be repaid to Plaintiffs and the Class.

84.     Family Dollar concealed from Plaintiffs and the Class the benefit that it received

directly and indirectly as a result of its cross-subsidization scheme.

85.     Family Dollar profited unjustly from the foregoing conduct, extracting and

retaining overcharges as a result of its cross-subsidization scheme over and above the amount

that could be considered reasonable for benefits to be provided to the Plan solely at the

company's expense. These overcharges are directly traceable to Family Dollar and can be

determined through a full accounting of the overcharges by Family Dollar in connection with the

Plan.

86.     Under the federal common law of ERISA, Plaintiffs and the Class are entitled to

equitable restitution from Family Dollar of the excess amounts paid to it by Plaintiffs and the

Class, as well as other appropriate equitable relief to remedy Family Dollar's unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, demand judgment against Defendants Hartford and the Family Dollar Defendants, jointly and severally, for the following relief:

A.      An order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23;

B.      An order declaring that Defendants, and each of them, have breached their fiduciary duties to the Class and/or knowingly participated in breaches of fiduciary duty;

C.      An order requiring Defendants to provide an accounting of losses suffered by Plaintiffs and the Class as a result of Defendants' breaches of their fiduciary duties;

D.      Restitution, disgorgement, surcharge or other equitable remedies for the losses to Plaintiffs and the Class or the profits realized unlawfully by Defendants;

E.      An order awarding Plaintiffs reasonable attorneys' fees and other recoverable expenses of litigation incurred herein pursuant to ERISA § 502(g), 29 U.S.C. §§ 1109(a), 1132(a)(2) and 1132(g), and/or for the benefit obtained for the common fund;

F.      An order awarding pre- and post-judgment interest from Defendants; and;

G.      Such other and further relief as the Court deems equitable and just.

Dated this 18th day of March, 2015.                    Respectfully submitted,

_____

Seth R. Lesser
Fran L. Rudich
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, N.Y.  10573
914-934-9200

23

Laura L. Ho*
GOLDSTEIN, BORGEN, DARDARIAN
& HO
300 Lakeside Dr., Suite 1000
Oakland, CA 94612
510-763-9800
Fax:  510-835-1417
lho@gbdhlegal.com

Raymond C. Fay*
FAY LAW GROUP PLLC
1250 Connecticut Ave, NW, Suite 200
Washington, DC 20036
202-263-4604
Fax: 202-261-3508
rfay@faylawdc.com

Michael M. Mulder*
Law Office of Michael M. Mulder
321 South Plymouth Court, Suite 1250
Chicago, IL  60604
312-263-0272
Fax:  312-263-2942
mmmulder@mmulderlaw.com

Cyrus Mehri*
Mehri & Skalet PLLC
1250 Connecticut Ave., N.W., Suite 300
Washington, D.C.  20036
202-822-5100
Fax: 202-822-4997
cmehri@findjustice.com

*Pro hac motion to be filed

Attorneys for Plaintiffs and
the Proposed Class