

16-1316-cv
*Hannan v. Hartford Fin. Servs., Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand seventeen.

PRESENT:   GUIDO CALABRESI,
           DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                      *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PATRICK HANNAN, DAWN LEMIEUX, NICOLE
GROOMES, PEGGY HORN, on behalf of themselves
and others similarly situated,
                      *Plaintiffs-Appellants*,

                 v.                              16-1316-cv

HARTFORD FINANCIAL SERVICES, INC.,
FAMILY DOLLAR STORES INC., FAMILY
DOLLAR STORES INC. GROUP INSURANCE
PLAN, PLAN ADMINISTRATORS,
                      *Defendants-Appellees*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]     The Clerk of Court is directed to amend the official caption in accordance with the above.

MANDATE

MANDATE ISSUED ON 05/16/2017

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | RAYMOND C. FAY, Fay Law Group, Washington, D.C. (Seth R. Lesser, Klafter Olsen & Lesser LLP, Rye Brook, New York, *on the brief*). |
| FOR DEFENDANT-APPELLEE HARTFORD FINANCIAL SERVICES, INC.: | ROBERT N. HOCHMAN (Mark B. Blocker, Joel S. Feldman, Daniel R. Thies, *on the brief*), Sidley Austin LLP, Chicago, Illinois. |
| FOR DEFENDANTS-APPELLEES FAMILY DOLLAR STORES INC., FAMILY DOLLAR STORES INC. GROUP INSURANCE PLAN, PLAN ADMINISTRATORS: | JEREMY P. BLUMENFELD, Morgan, Lewis & Bockius LLP, New York, New York (James P. Walsh, Jr., Morgan, Lewis & Bockius LLP, Princeton, New Jersey, *on the brief*). |

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Patrick Hannan, Dawn Lemieux, Nicole Groomes, and Peggy Horn (together, "plaintiffs") appeal from the March 29, 2016 judgment of the district court (Bryant, *J.*) dismissing their claims against defendants-appellees Family Dollar Stores Inc., Family Dollar Stores Inc. Group Insurance Plan, and Plan Administrators (together, "Family Dollar "), and Hartford Financial Services, Inc. ("Hartford") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*  By memorandum of decision entered March 29, 2016, the district court granted defendants' motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  We

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Hartford is an insurance company that issued a group life insurance policy (the "Policy") to plaintiffs' employer Family Dollar Stores Inc. under an insurance coverage plan (the "Plan").[1]  The Plan automatically enrolled all employees in basic life insurance and offered them the option to purchase supplemental life insurance.  As alleged in the complaint, plaintiffs received enrollment materials representing that basic life insurance would be "non-contributory," meaning that Family Dollar would pay all costs, and supplemental life insurance would be "contributory," meaning that employees would be required to contribute toward the cost.  App. at 19-20.  The enrollment materials also stated that all employees would receive basic life insurance "at no cost" and that the optional supplemental life insurance premiums were "surprisingly affordable" and "without high cost."  App. at 19, 28.  Plaintiffs claimed this information was material to their ability to make informed decisions about enrollment and misled them into thinking supplemental life insurance would be a prudent investment.

In March 2015, plaintiffs filed a class action complaint alleging that defendants engaged in a "cross-subsidization" scheme to charge supplemental life insurance premiums at prices higher than warranted by underwriting and actuarial

---

[1]     The Policy was actually issued by Hartford's subsidiary, Hartford Life and Accident Insurance Company.

projections.  App. at 15.  They alleged that Family Dollar applied part of the employee-paid premiums toward its cost for basic life insurance.  Plaintiffs claimed that Family Dollar benefited by avoiding the full cost of basic life insurance, that Hartford benefitted by receiving the insurance contract, and that employees who bought supplemental life insurance suffered monetary losses because they were overcharged for premiums.  The complaint asserted that defendants violated ERISA by breaching their fiduciary duties, failing to remedy each other's breaches, and participating in prohibited self-dealing.

On March 29, 2016, the district court dismissed plaintiffs' claims because they did not identify a misrepresentation or false statement, there was no fiduciary duty to disclose Family Dollar's allocation of supplemental life insurance premiums, the insurance rate structure did not violate ERISA or any fiduciary duties, and the selection of the rate structure did not constitute self-dealing.

On appeal, plaintiffs challenge the dismissal of their (1) fiduciary and co-fiduciary claims with respect to the misrepresentations and omissions in the enrollment materials and (2) prohibited transaction claims with respect to defendants' self-dealing and Hartford's participation in the scheme.

"We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor."  *Nicosia v. Amazon.com, Inc.*, 834 F.3d

- 4 -

220, 230 (2d Cir. 2016).  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  We may affirm the dismissal on "any basis for which there is

sufficient support in the record, including grounds not relied on by the district court."

*Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 413 (2d Cir. 2014) (quoting *Bruh v.*

*Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir. 2006)).

      "The central purpose of ERISA is 'to protect beneficiaries of employee

benefit plans.'"  *Rinehart v. Lehman Bros. Holdings Inc.*, 817 F.3d 56, 63 (2d Cir. 2016) (per

curiam) (quoting *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009)).

ERISA furthers this objective by imposing a duty of care on fiduciaries, *id.*, and

requiring them to discharge their fiduciary duty "solely in the interest of the

participants and beneficiaries [of the employee benefit plan] and . . . for the exclusive

purpose of: (i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan," 29 U.S.C. § 1104(a)(1).

      We conclude that the district court correctly dismissed the complaint

because it failed to plausibly allege that Hartford was a fiduciary under ERISA, that

Family Dollar made any fraudulent misrepresentations or omissions, or that defendants

engaged in prohibited transactions.

A.      **Fiduciary status**

An entity is a "fiduciary" of an employee benefit plan to the extent it exercises (1) discretionary authority, responsibility, or control over the management or administration of the plan or (2) any authority or control over the management or disposition of plan assets.  29 U.S.C. § 1002(21)(A).  "Under this definition, [an entity] may be an ERISA fiduciary with respect to certain matters but not others, for [it] has that status only 'to the extent' that [it] has or exercises the described authority or responsibility."  *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1259 (2d Cir. 1987).  An entity that negotiates a contract with an ERISA benefits plan at arm's length and has no other relationship to the plan, for example, is not a fiduciary with respect to the selection of the contract terms governing the plan.  *Id.*  This is because it "has no authority over or responsibility to the plan and presumably is unable to exercise any control over the [plan] trustees' decision whether or not, and on what terms, to enter into an agreement with [it]."  *Id.*

The entity can, however, become a fiduciary with respect to particular contract terms, such as the terms of its own compensation, if the terms grant it discretionary authority or control.  *Id.* (noting that a party to an ERISA-covered contract becomes a fiduciary with respect to compensation terms giving it discretionary control over factors, such as the processing of insurance claims, that affect the actual amount of its compensation); *see also Harris Tr. & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 302

F.3d 18, 29 (2d Cir. 2002) (holding that insurer exercises no discretion in, and thus is not

fiduciary with respect to, adhering to contract term unless term provides it

discretionary authority); *United States v. Glick*, 142 F.3d 520, 528 (2d Cir. 1998)

(explaining that agent with specified commission rate is not fiduciary with respect to

compensation terms because "mere deduction of [his] commission from welfare fund

assets" does not involve any discretion on his part).

      Here, plaintiffs alleged that Hartford was a fiduciary of the Plan because it

exercised discretionary control over the assets of the Plan, *i.e.*, employee payroll

deductions for supplemental life insurance, when it negotiated contract terms for the

purpose of securing the award of the insurance contract and sharing in the overpriced

premiums for supplemental life insurance.  The complaint, however, identified only

Hartford's negotiation conduct, and no pre-existing relationship with the Plan or post-

contract exercise of discretionary control, as its basis for alleging Hartford's fiduciary

liability.  We thus agree with the district court that the complaint did not sufficiently

allege that Hartford had or exercised any discretionary authority over the Plan or its

assets with respect to the setting of the contract terms governing the Plan, and thus

Hartford is not subject to fiduciary liability.  *See* § 1002(21)(A).

      Accordingly, we affirm the dismissal of the fiduciary and co-fiduciary

claims against Hartford.  We also affirm the dismissal of the co-fiduciary claim against

Family Dollar, a claim premised upon Hartford's breach of fiduciary duty, for failure to state a claim because Hartford had no such duty.

**B.      Misrepresentations and omissions**

ERISA imposes a fiduciary duty "to avoid intentional material misrepresentations in plan administrators' communications with plan beneficiaries about the contents of a plan." *Bell v. Pfizer, Inc.*, 626 F.3d 66, 74 (2d Cir. 2010).  A claim of breach of fiduciary duty on this ground must allege (1) a misrepresentation or omission, (2) materiality, and (3) detrimental reliance. *Id.* at 75.  A misrepresentation is a false or misleading statement. *See id.* at 74 (citing *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 84 (2d Cir. 2001)).  A misrepresentation or omission is material if there is "a 'substantial likelihood' that [it] 'would mislead a reasonable employee in making an adequately informed decision'" about whether to purchase an offered benefit. *Id.* at 75 (quoting *Caputo v. Pfizer*, 267 F.3d 181, 192 (2d Cir. 2001)).

We conclude that the district court did not err in dismissing the breach of fiduciary duty claims against Family Dollar because the complaint did not identify any material misrepresentations or omissions.  First, the statement that basic life insurance was non-contributory and Family Dollar would bear all costs is not false or misleading, even when we read the complaint in plaintiffs' favor, because plaintiffs did not incur any costs for receiving basic life insurance.

- 8 -

Second, the failure to clarify that Family Dollar would apply part of the employee premiums for supplemental life insurance toward its own cost for basic life insurance is not misleading because, as the district court held, the enrollment materials accurately disclosed the cost that employees were required to pay for supplemental life insurance.  Family Dollar had no obligation to reveal how it would apply premium proceeds.  *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 102-03 (2d Cir. 2005) (holding insurer need not disclose its cost-reduction strategies because it had "no duty to disclose to plan participants information additional to that required by ERISA"); *see also Amatangelo v. Nat'l Grid USA Serv. Co.*, No. 04-CV-246S, 2011 WL 3687563, at * 9 (W.D.N.Y. Aug. 23, 2011) ("Defendants were not required to disclose how the premium liabilities for each benefit structure are paid under the plan." (citing *Bd. of Trs. of the CWA/ITU Negotiated Pension Plan v. Weinstein*, 107 F.3d 139, 146 (2d Cir. 1997))), *aff'd sub nom. Argay v. Nat'l Grid USA Serv. Co.*, 503 F. App'x 40 (2d Cir. 2012) (summary order).

Third, the statement that supplemental life insurance was "surprisingly affordable" and "without high cost," *see* App. at 28, is not false or misleading because, as the court noted, the enrollment materials did not describe the cost of supplemental life insurance as involving favorable or below-market rates.  The complaint does not plausibly and in a non-conclusory way allege that the statement was not true.

Plaintiffs' reliance on *McConocha v. Blue Cross & Blue Shield of Ohio* is misplaced because here, unlike in *McConocha*, Family Dollar disclosed to plaintiffs what

it charged.  *See* 898 F. Supp. 545, 547, 551 (N.D. Ohio 1995) (holding that insurance provider breached fiduciary duty when it informed plaintiffs of 20% copayments but actually charged more than 20%).

Accordingly, we affirm the district court's dismissal of the misrepresentation and omission claims against Family Dollar for failure to state a claim.

**C.     Prohibited transactions**

ERISA prohibits a fiduciary from engaging in a direct or indirect "transfer to, or use by or for the benefit of a party in interest, of any assets of the plan."  29 U.S.C. § 1106(a)(1)(D).  The statute also prohibits a fiduciary from "deal[ing] with the assets of the plan in [its] own interest or for [its] own account."  29 U.S.C. § 1106(b)(1).

Plaintiffs alleged in the complaint that defendants' cross-subsidization arrangement violated ERISA's ban on self-dealing and benefited defendants by reducing Family Dollar's payment obligations, allowing Hartford to secure the award of the insurance contract, and increasing Hartford's profits with every supplemental life insurance policy sold.  The district court dismissed these claims for failure to state a claim after determining that Family Dollar used plaintiffs' premiums for the sole purpose of covering insurance costs under the Plan.

We likewise conclude that the complaint failed to state a prohibited transaction claim against Family Dollar.  Family Dollar's use of cost-reduction strategies to minimize its cost of providing employees with basic and supplemental life insurance

does not constitute a transfer for its own benefit or self-dealing in its own interest. *Amatangelo*, 2011 WL 3687563, at *7 (finding no evidence of prohibited transaction where employer used employee contributions to pay for employer's insurance liabilities); *see Alves v. Harvard Pilgrim Health Care Inc.*, 204 F. Supp. 2d 198, 215 (D. Mass. 2002) ("The mere fact that defendants used discounting arrangements to reduce their net cost of providing prescription drug benefits does not constitute self-dealing proscribed by 2[9] U.S.C. § 1106(b)(1)."). We therefore affirm the dismissal of this claim.

The complaint also failed to allege that Hartford engaged or participated in a prohibited transaction. Sections 1106(a)(1)(D) and (b)(1) apply only to fiduciaries and, as discussed, plaintiffs have not sufficiently alleged that Hartford is a fiduciary. Nor have plaintiffs identified any ERISA violation arising out of Family Dollar's conduct that would subject Hartford to liability. We thus affirm the dismissal of the prohibited transaction and knowing participation claims against Hartford.

We have considered plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

- 11 -